RECEIVED
CHARLOTTE, N.C.
JAN 19 2012
Clerk, U. S. Dist. Court
W. Dist. of N. C.

FILED
CHARLOTTE, NC
JAN 20 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

Civil Action No. 3:11-00655

| | |
|---|---|
| CARESTREAM HEALTH, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BRETT ALLEN, <br><br> Defendant. | **CONSENT DECREE AND INJUNCTION** |

The parties, plaintiff Carestream Health, Inc. ("Plaintiff") and defendant Brett Allen ("Defendant"), stipulate to the entry of the following Consent Decree and Injunction.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Defendant and anyone acting by, through or on behalf of him is enjoined and prohibited from doing or continuing to do, directly or indirectly, the following:

    a. maintaining a domain or webhosting account with GoDaddy.com or any other internet domain registrar or webhosting company that contains any of the following domain names or websites: "carestreamsucks.com", and "care-stream.com". Defendant is obligated under this paragraph to assign to Plaintiff all such domain or webhosting accounts with GoDaddy.com or any other domain registrar within seven (7) calendar days of this Order. Plaintiff will provide the necessary assignment or transfer information to Defendant so that he may perform his obligations in the prior sentence.

    b. publicizing disparaging or derogatory statements regarding Plaintiff or its predecessors, successors, or their past, current or future parents, subsidiaries, related entities, or any of their members, shareholders, officers, directors, agents, attorneys, employees, or assigns (collectively "Plaintiff") anywhere, including but not limited to any public internet website.



c.  disclosing, communicating, misappropriating, using or retaining by any means Plaintiff's proprietary or confidential or trade secret information.

d.  using, disclosing, communicating, misappropriating or retaining by any means sensitive, private, nonpublic proprietary information of customers of Plaintiff.

e.  diverting, by any means, business of any customer or prospective customer of Plaintiff.

f.  interfering with, soliciting, diverting, or inducing any employee, customer, or vendor of Plaintiff to cease doing business with Plaintiff.

g.  taking any action, directly or indirectly, to impair the goodwill, business reputation or good name of Plaintiff.

2.  Defendant has returned to counsel for Plaintiff all property, material and equipment, including the laptop computer and all data thereon provided by Plaintiff or placed thereon by Defendant to assist Defendant in performing his job duties, as well as all other equipment and material belonging to Plaintiff and any confidential information and trade secrets of Plaintiff (including, without limitation, all customer lists, customer or vendor contact data, prospect lists and any other information regarding Plaintiff's customer or vendors which Defendant or someone acting on his behalf may have taken or retained from Plaintiff's computer system or otherwise) which are in the possession, custody or control of Defendant, including all copies thereof, both paper and electronic, not heretofore returned. Defendant, however, specifically denies that he, or anyone acting on his behalf, actually took any confidential information or trade secrets of Plaintiff as those terms are used in the preceding sentence. Defendant's obligation to return all said property and equipment is ongoing. In the event that Defendant and anyone acting by, through or on his behalf becomes aware of any such property or



equipment after the date and time by which its return has been ordered by the Court, namely January 9, 2012 at 10:00 a.m., such property or equipment shall be immediately furnished to counsel for Plaintiff.

3. In the event Plaintiff has a good faith reason to believe Defendant, or anyone acting by, through or on his behalf, has violated either paragraph 1 or 2 of this Consent Decree and Injunction, Plaintiff shall provide Defendant with written notice of such violation. Defendant will have seven (7) calendar days from the receipt of this notice in which to either: (a) cure the violation described in the notice; or (b) provide Plaintiff written explanation or documentation as to how the alleged actions set forth in the notice do not constitute a violation of this Consent Decree and Injunction. Upon expiration of the 7th day, if Defendant has failed to respond, or Plaintiff believes that such response does not cure the alleged violation, Plaintiff will then be entitled to proceed under paragraph 7 of this Consent Decree and Injunction.

4. By his execution of this Consent Decree and Injunction, Defendant states under penalty of perjury that, other than periodically backing up the information on his laptop to an external hard drive, he has not transferred, stored or retained, electronically or otherwise, any of Plaintiff's proprietary, confidential or trade secret information; more specifically, Defendant has not transferred any such proprietary, confidential or trade secret information to any third party. Defendant further states, under penalty of perjury, that he has taken all reasonable steps to diligently search his external hard device and has deleted any and all of Plaintiff's proprietary, confidential or trade secret information stored thereon. Defendant further agrees that, in the event he subsequently discovers any



of Plaintiff's proprietary or confidential or trade secret information was inadvertently left on the hard drive, he will immediately delete such information from the hard drive. Defendant, by his execution of this Consent Decree and Injunction, affirmatively states that he understands and acknowledges that he is and will remain constrained from using any of Plaintiff's proprietary or confidential or trade secret information.

5. Defendant, by his execution of this Consent Decree and Injunction, further states under penalty of perjury that he has fully complied with the obligations set forth in this Consent Decree and Injunction that are capable of being complied with up to the date of the entry of the Court order approving this document. Subject to compliance with this stipulation, Plaintiff's Complaint is dismissed with prejudice; however, Plaintiff retains the right to pursue a cause of action against Defendant for an alleged future violation of either his Employee's Agreement or his Separation Agreement or an alleged future violation of this Consent Decree and Injunction. This Court retains jurisdiction of this matter necessary to resolve disputes, if any, and for enforcement purposes, including contempt proceedings and injunctive relief for any breach of the terms of this Consent Decree and Injunction.

6. Defendant has no right to appeal from the terms of this Consent Decree and Injunction. Defendant will bear his own costs and attorneys' fees and pay to Plaintiff the amount of Two Hundred Dollars and no/100 Cents ($200.00), within 7 days of the entry of this Consent Decree and Injunction, as partial payment of Plaintiff's filing fees in this action.



7. This Consent Decree and Injunction will bind and inure to the benefit of all parties hereto, and all their assigns and successors in interest.

Dated this 20th day of January, 2012.

BY THE COURT:

_____

**STIPULATED BY THE PARTIES:**

Dated this 17 day of January, 2012.

_____
Brett Allen
9724 Cadman Court
Cornelius, North Carolina 28031
Telephone: 704-237-3940

*Pro se Defendant*

Dated this ___ day of January, 2012.

/s/ Marylin E. Culp
_____
Marylin E. Culp
NC State Bar No.: 26938
**LITTLER MENDELSON, P.C.**
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
Telephone: 704.972.7001
Facsimile: 704.333.4005
Email: mculp@littler.com

*Attorney for Plaintiff*
*CARESTREAM HEALTH, INC.*



7. This Consent Decree and Injunction will bind and inure to the benefit of all parties hereto, and all their assigns and successors in interest.

Dated this 10th day of January, 2012.

**BY THE COURT:**

_____

**STIPULATED BY THE PARTIES:**

Dated this 17 day of January, 2012.

_____
Brett Allen
9724 Cadman Court
Cornelius, North Carolina 28031
Telephone: 704-237-3940

*Pro se Defendant*

Dated this 18th day of January, 2012.

/s/ Marylin E. Culp
Marylin E. Culp
NC State Bar No.: 26938
**LITTLER MENDELSON, P.C.**
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
Telephone: 704.972.7001
Facsimile: 704.333.4005
Email: mculp@littler.com

*Attorney for Plaintiff*
CARESTREAM HEALTH, INC.

